**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TRACEY HOWARD,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-2364** |
| **INTERNAL REVENUE SERVICE,** | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

Tracey Howard, representing herself, filed suit against the Internal Revenue Service ("IRS") seeking an injunction that would prevent the IRS from levying taxes against her monthly compensation payments for work-related injuries and damages. Howard believes the tax levies violate her due process rights under the Fifth Amendment. The IRS moved to dismiss Howard's complaint for lack of subject matter jurisdiction and for failure to state a claim. The motion to dismiss for lack of subject matter jurisdiction is granted. Howard's complaint seeking injunctive relief and damages is dismissed without prejudice.

## I. Factual and Procedural Background

### A. Howard's Allegations

The following allegations are from Howard's amended complaint, ECF 8, which is the operative complaint.

Howard is a former nurse for the Department of Veterans Affairs ("Veterans Affairs"), and she receives monthly payments as part of a settlement with Veterans Affairs for injuries she sustained while performing her duties. ECF 8, at 3. On May 29, 2025, Howard was surprised to discover that a levy had been imposed against her June 1, 2025 monthly compensation payment, in the amount of $224, to satisfy an outstanding federal tax debt. *Id.* at 4. Howard spoke with a

Department of Treasury employee, "Jessica," who confirmed that no notice had been sent to Howard about the tax levy before May 29. *Id.* Another $224 levy was imposed against Howard's August 1, 2025 monthly compensation payment. *Id.*

Howard complains that the IRS levied and continues to levy taxes against her monthly compensation payments to satisfy her outstanding tax debt and that she did not receive notice of the levies before they began. *Id.* Howard asserts that the imposition of a tax levy on her monthly payments, without proper notice, violates her Fifth Amendment due process rights. *Id.*

Howard also alleges that she is exempt from federal taxation entirely because she is "not a 'US Citizen[,] but [a]n Aboriginal American Indian" living in "Aboriginal America," and so she enjoys "non-taxed standing." *Id.* at 1. In Howard's view, the IRS "is a foreign corporation doing business in Aboriginal America through a Puerto Rico trust which is an off-shore entity." *Id.* at 2. Howard alleges that she has "sever[ed] all contracts" with the states of New Jersey and Maryland by submitting affidavits of "Indigenous Status/Rescission of Previous Signature." *Id.* at 3.

Additionally, Howard alleges that the IRS does not have the power to tax in general because it "is not an organization within the United States Department of Treasury" and it is "not a lawful organization." *Id.*

Howard seeks an order enjoining the IRS from levying taxes against her monthly payments and $100,000 in compensatory damages. *Id.*

**B. Procedural History**

The filings in this relatively young case have been voluminous. For the sake of efficiency, the Court focuses only on the pending motions.

When Howard filed her original complaint, ECF 1, she also filed a motion for a "temporary Cease Order from further forced seizure," requesting that the Court enjoin the IRS from imposing

levies against her monthly payments while this litigation is pending, ECF 3; *see also* ECF 7. Howard then filed an amended complaint, ECF 8. The Court construed Howard's motion for a "temporary Cease Order" as one for a temporary restraining order ("TRO") and denied the motion without prejudice for failure to comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure. ECF 9. Howard later renewed her motion for a TRO, which remains pending. ECF 17.

The IRS then moved to dismiss Howard's amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF 30. The IRS's primary argument is that Howard's claims are barred by the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a). ECF 30-1, at 3–5. Howard opposed the motion. ECF 34. The IRS replied. ECF 37. Howard then moved to file a surreply. ECF 40. The Court grants the motion to file a surreply and considers Howard's additional arguments in deciding the IRS's motion to dismiss.

After the IRS moved to dismiss the amended complaint, Howard filed a second amended complaint, ECF 32, moved for leave to file the second amended complaint, ECF 35, and filed supplemental exhibits in support of the motion for leave, ECF 36. Howard also moved for leave to file new exhibits in support of her claims. ECF 41. Then, Howard moved for leave to file a third amended complaint, ECF 44, and filed supplemental briefing in support of that motion, ECF 45.

After filing her motion for leave to file a third amended complaint, Howard filed a motion for a contempt order against the IRS for failing to respond to her allegations, ECF 46, moved to withdraw that motion, ECF 47, filed another motion for a contempt order, default judgment, and termination of levies against the IRS on the same grounds, ECF 48, and then moved to withdraw that motion, ECF 49.

Howard then filed a third motion for a contempt order, default judgment, and an order terminating all levies, which the Court construes as a motion for default judgment seeking injunctive relief. ECF 50. She also filed a motion for an "Order Deeming Facts Admitted, Summary Judgment and Termination of All Levies," which the Court construes as a summary judgment motion seeking the same injunctive relief. ECF 51. The IRS opposed the summary judgment motion. ECF 58. Howard replied. ECF 60. Howard submitted three supplements to her reply. ECF 61–63.

Upon review of the briefing on the IRS's motion to dismiss the amended complaint and Howard's allegations, the Court ordered the IRS to submit a supplemental brief addressing whether Howard's failure-to-provide-notice allegations satisfy an exception to the AIA. ECF 52. The IRS submitted a supplemental brief, ECF 56, and exhibits, ECF 57. Howard submitted a reply to the IRS's supplemental brief, ECF 59, and exhibits, ECF 59-1 – 59-6.

## II. Standard of Review

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006)). The plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377.

A defendant may challenge subject matter jurisdiction in one of two ways. "First, the defendant may contend"—as the IRS does here—"that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation modified). Second, "the defendant can contend that the jurisdictional allegations of the complaint are not true." *Id.* (citation modified). A court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation modified).

Howard does not have counsel. "Pro se filings are held to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (citation modified). Accordingly, the court must construe Howard's pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require the court to attempt to discern the unexpressed intent of the plaintiff"; the court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation modified).

## III. Discussion

### A. Injunctive Relief

Howard seeks an injunction prohibiting the IRS from levying "against [her] monthly compensation for medical injuries." ECF 8, at 4. The IRS argues that under the Anti-Injunction Act, the Court does not have subject matter jurisdiction to grant this relief.

The Anti-Injunction Act bars taxpayers from bringing a "preemptive suit to foreclose tax liability." *CIC Servs., LLC v. IRS*, 593 U.S. 209, 224 (2021) (citation modified); *see* 26 U.S.C. § 7421. The AIA states that, except as provided elsewhere in the Internal Revenue Code, "no suit

for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). The AIA's bar on preemptive lawsuits seeking to avoid tax liability "protects the Government's ability to collect a consistent stream of revenue." *See NFIB v. Sebelius*, 567 U.S. 519, 543 (2012); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 742 n.16 (1974) ("The Anti-Injunction Act was written against the background of general equitable principles disfavoring the issuance of federal injunctions against taxes, absent clear proof that available remedies at law were inadequate."). When the AIA applies, it "deprive[s] the District Court of jurisdiction." *Bob Jones Univ.*, 416 U.S. at 749; *see Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 299 (4th Cir. 2000) (noting "the Anti–Injunction Act concerns federal courts' subject matter jurisdiction" (citation modified)), *aff'd sub nom. Barnhart v. Sigmon Coal Co.*, 534 U.S. 438 (2002).

*O'Meara v. Waters* illustrates the scope of the Anti-Injunction Act. 464 F. Supp. 2d 474 (D. Md. 2006). There, the plaintiff received a notice of deficiency and a notice of intent to levy from the IRS and "submitted a timely request for a face-to-face collection due process . . . hearing." *Id.* at 475. The IRS settlement officer characterized the issues the plaintiff raised as "frivolous" and denied the request. *Id.* The dissatisfied plaintiff then filed suit in federal court, seeking a writ of mandamus to have a face-to-face hearing. *Id.* at 476, 478. In response to the invocation of the Anti-Injunction Act, the plaintiff argued that "his suit d[id] not implicate the AIA because he [was] asserting his due process right to a face-to-face hearing and not challenging the levied tax liabilities." *Id.* at 478. Rejecting this argument, the court observed that "the United States Court of Appeals for the Fourth Circuit has interpreted the AIA to extend broadly 'beyond the mere assessment and collection of taxes to embrace other activities . . . that are intended to or may culminate in the assessment or collection of taxes.'" *Id.* (quoting *Judicial Watch, Inc. v. Rossotti*,

317 F.3d 401, 405 (4th Cir. 2003)). The *O'Meara* court dismissed the complaint for lack of subject matter jurisdiction because it was barred by the AIA.

Two years after *O'Meara*, the Supreme Court confirmed the Anti-Injunction Act's broad reach. In *United States v. Clintwood Elkhorn Mining Co*., the Court held that "the constitutional nature of a taxpayer's claim is of no consequence to whether the prohibition against tax injunctions applies." 553 U.S. 1, 10 (2008) (citation modified).

Here, Howard brings a preemptive suit to prevent the IRS from collecting taxes against her monthly compensation payments. She alleges violations of her due process rights because she did not receive notice before the IRS levied her monthly payments, and she asks the Court to enjoin the IRS from levying taxes against future payments. ECF 8, at 4. For the reasons explained in *O'Meara*, *Judicial Watch*, and *Clintwood Elkhorn Mining Co.*, the Anti-Injunction Act bars Howard's claim for injunctive relief. The Court does not have subject matter jurisdiction over it.

There are two judicially created exceptions to the Anti-Injunction Act's bar on preemptive taxpayer suits.[1] The first exception is when there is "irreparable injury, the essential prerequisite for injunctive relief in any case; and . . . certainty of success on the merits." *Est. of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 506 (4th Cir. 1999) (quoting *Bob Jones Univ.*, 416 U.S. at 737); *see Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962) ("[I]f it is clear that under no

[1] The statutory exceptions identified in the Anti-Injunction Act are not relevant here. *See* 26 U.S.C. § 6015(e) (suits about relief from liability on joint return); *id.* § 6212(a), (c) (suits about notices of deficiency); *id.* § 6213(a) (allowing for petitions to Tax Court following notices of deficiency); *id.* § 6232(c) (allowing suits to enjoin premature assessment against a partnership); *id.* § 6330(e)(1) (allowing suit to enjoin levy while hearing on levy is pending before IRS Independent Office of Appeals); *id.* § 6331(i) (suits about levy imposed while proceedings for refund of divisible tax are pending); *id.* § 6672(c) (suits about levy imposed while a suit is pending to determine liability for tax penalty); *id.* § 6694(c) (suits about levy imposed while suit is pending to determine tax return preparer's liability for penalty); *id.* § 7426(a), (b)(1) (suits by persons other than taxpayers); *id.* § 7429(b) (judicial review of assessments and levies for reasonableness); *id.* § 7436 (suits in Tax Court to determine employment status).

circumstances could the Government ultimately prevail, the central purposes of the [AIA] is inapplicable and . . . the attempted collection may be enjoined if equity jurisdiction otherwise exists."); *see also Comm'r v. Shapiro*, 424 U.S. 614, 627 (1976) (noting that "'equity jurisdiction' . . . exists" when "[t]he taxpayer shows that he would otherwise suffer irreparable injury" (quoting *Williams Packing*, 370 U.S. at 7)). The second exception is when a plaintiff has no "alternative legal way to challenge the validity of a tax." *South Carolina v. Regan*, 465 U.S. 367, 373 (1984). The taxpayer bears the burden of establishing an exception to the AIA applies. *See Est. of Michael*, 173 F.3d at 506 ("To prevail, therefore, the Estate must show either that its claim does not implicate the Anti–Injunction Act or that it fits within the narrow exception to that act.").

The first exception does not apply because Howard has not shown irreparable injury. The crux of the irreparable harm analysis is whether the injury can be cured at the end of litigation. Irreparable injury generally requires more than "the temporary loss of income, ultimately to be recovered[.]" *Sampson v. Murray*, 415 U.S. 61, 90 (1974). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough" because "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (citation modified).

Here, Howard seeks injunctive relief "from further forced seizures against [her] monthly compensation for medical injuries." ECF 8, at 4. In her motion to temporarily cease all levies, Howard asks the Court to issue "a temporary cease order of all levies and/or forced seizures against [her] monthly medical payments until the court has the opportunity to determine if [her] $1492 monthly payments [are] her personal property or income." *See* ECF 17, at 1. And in her April 8, 2026 motion for leave to file an amended complaint, Howard alleges that her "medical payments

are her only means for survival where the defendant's continued unlawful levies against her personal property have caused additional pain, emotional and financial sufferings." ECF 44, at 1. Howard does not allege, however, that she will suffer any irreparable harm from the reduction of her $1492 payments by $224 during the pendency of this case or after the case ends. The mere loss of money is "not enough" to show irreparable harm. *See Sampson*, 415 U.S. at 90. The possibility that Howard can recover adequate compensation later weighs heavily against finding irreparable harm.

Howard's injury is not irreparable for another reason: The Internal Revenue Code provides a mechanism for her to obtain adequate relief. *See United States v. Am. Friends Serv. Comm.*, 419 U.S. 7, 11 (1974) ("[The] inadequacy of available remedies goes . . . to the existence of irreparable injury . . . ."). "Under ordinary circumstances, the availability of a refund suit . . . negate[s] any claim of irreparable injury." *Est. of Michael*, 173 F.3d at 510.

The facts before the Fourth Circuit in *Estate of Michael* illustrate the unusual circumstances when there *is* irreparable injury despite the existence of alternative legal remedies. *Id.* There, the IRS conceded the statute of limitations had run and promised the taxpayer it would not attempt to collect the disputed taxes. *Id.* at 510–11. The IRS then spent five years trying to collect those taxes, "act[ing] in complete disregard for the tax code." *Id.* at 511–12. The Fourth Circuit found that, under those "not ordinary circumstances," the available legal remedies requiring the taxpayer "to continue this fight in yet another forum" were inadequate and the injury was irreparable. *Id.* at 510, 511.

No such extraordinary circumstances exist here. Howard can pay the tax, file a claim with the IRS for a refund, and then, if unsuccessful, file a post-payment suit for a refund under 28 U.S.C. § 1346(a)(1). *See* 26 U.S.C § 7422(a) (requiring claim for refund before lawsuit); *Clintwood*

*Elkhorn Min. Co.*, 553 U.S. at 4 (noting "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government" in federal court only after filing a request for a refund in compliance with the Internal Revenue Code). Under similar circumstances, courts have found taxpayers have not shown irreparable harm. *See Lewis v. Sandler*, 498 F.2d 395, 399 (4th Cir. 1974) (concluding this AIA exception did not apply in class action challenge to income tax levies because neither the named plaintiff "nor members of the class [would] suffer irreparable harm because the law provides an adequate remedy for refunds"); *O'Meara*, 464 F. Supp. 2d at 479 (finding no irreparable injury in suit for procedural due process violation arising out of refusal to hold in-person collection due process hearing because the plaintiff could "challenge the validity of the assessed tax liability through a refund suit, and he allege[d] no extraordinary circumstances that br[ought] his case outside the scope of the general rule").[2]

Additionally, taxpayers generally may seek a hearing with the IRS Independent Office of Appeals to challenge a levy, and if they are dissatisfied with the result, they may appeal to the U.S. Tax Court. *See* 26 U.S.C. § 6330(a)(1), (a)(3)(B), (b)(1) (stating a person has a "right to a hearing under this section before such levy is made" of their property, that they can request a hearing during the 30-day period between when the notice issues and when the levy may be made, and that "such hearing shall be held by the Internal Revenue Service Independent Office of Appeals"); *id.*

[2] Contrast the facts of *Lewis*, *O'Meara*, and this case with *Kay Co. v. United States*, No. 2:10-cv-00410, 2011 WL 830085 (S.D.W. Va. Mar. 3, 2011). There, the court found irreparable harm when the plaintiff LLC alleged "an extraordinary circumstance where money damages [we]re insufficient and [the plaintiff was] likely to suffer irreparable harm." *Id*. at *6 (citation modified). This was so because "to settle the alleged liability, the [plaintiff] LLC would have to be sold" and "[the individual] Plaintiffs would lose income that would go toward fighting a refund suit, family business property would be lost, and it would be impossible to rebuild Plaintiffs' established business." *Id*. No similar extraordinary circumstances are present here.

§ 6330(d)(1) (permitting a person to "petition the Tax Court for review of such determination"); *see also id.* § 6330(c)(2)(A)(ii) (permitting a person seeking hearing to raise "any relevant issue relating to . . . the proposed levy, including . . . challenges to the appropriateness of collection actions"). This option still may be available to Howard.

Howard has not satisfactorily alleged she will suffer irreparable harm if this Court does not enjoin the IRS from levying her monthly compensation payments. She has not established that the first exception to the AIA applies.[3]

The second exception to the Anti-Injunction Act—when there is no other legal option to challenge the validity of the tax—does not apply either. This narrow exception asks "whether the plaintiff has any access at all to judicial review." *Jud. Watch, Inc.*, 317 F.3d at 408 & n.3. It originated in *South Carolina v. Regan*, 465 U.S. at 378. There, South Carolina challenged the constitutionality of a statute taxing state-issued bearer bonds. *Id.* at 370–72. The Supreme Court found that, because South Carolina was not the party being taxed under the statute, it could not "utilize any statutory procedure to contest the constitutionality of [the statute]." *Id.* at 379–80. It

[3] To satisfy the first exception, the plaintiff also must show a certainty of success on the merits. *Est. of Michael*, 173 F.3d at 506. Because Howard has not plausibly alleged irreparable harm, the Court does not address the likelihood of success on the merits. Nonetheless, the Court notes that Howard's merits arguments rely principally on an outdated case that has been repudiated. Howard cites *United States v. O'Dell*, 160 F.2d 304 (6th Cir. 1947), for the proposition that "the IRS can only levy after first obtaining a Warrant of Distraint, or court ORDER." ECF 8, at 4; ECF 34, at 2–12. However, the court in *O'Dell* applied the 1939 version of the Internal Revenue Code. *Rosenblum v. United States*, 300 F.2d 843, 845 (1st Cir. 1962) (citing *O'Dell*, 160 F.2d 304). The current version of the Internal Revenue Code does not include a provision requiring a "warrant" to enforce a levy. *See* 26 U.S.C. § 6331. For this reason, *O'Dell* is no longer good law. *See, e.g.*, *Amen Ra ex rel. Lewis v. IRS*, No. 14-CV-8295, 2016 WL 7188162, at *4 n.6 (N.D. Ill. Dec. 12, 2016) (declining to follow *O'Dell*); *Maloy v. Burns*, No. CIV. 11-44 DSD/JJG, 2011 WL 3610660, at *2 (D. Minn. Aug. 16, 2011) (same); *Heaton v. YRC, Inc.*, No. CIV 09-2807 RHK/JJK, 2009 WL 5103228, at *2 (D. Minn. Dec. 17, 2009) (same). Even the Sixth Circuit, which decided *O'Dell*, later held that when a party receives a notice of levy, it must "immediately surrender the property to the IRS." *United States v. Weintraub*, 613 F.2d 612, 621 (6th Cir. 1979).

"could not bring a suit for a refund." *See id.* at 374. South Carolina's *only* avenue for judicial review was suit in federal district court. *Id.* at 380–81. The Supreme Court consequently declined to apply the AIA to bar South Carolina's lawsuit. *Id.*

Howard's circumstances are not analogous to the rare circumstances in *Regan*. Howard may follow administrative procedures to file a claim for refund, as required by 26 U.S.C § 7422, and then file a suit for a refund under 28 U.S.C. § 1346(a)(1) in district court. Also, Howard may be able to seek a hearing before the IRS Independent Office of Appeals and, if dissatisfied with the decision, petition the Tax Court to review it under 26 U.S.C. § 6330. Because there is an alternative way to challenge the validity of the tax levy that Howard challenges here, the second exception to the AIA's bar on preemptive lawsuits does not apply. *See, e.g.*, *McKenzie-El v. IRS*, No. ELH-19-1956, 2020 WL 902546, at *8 (D. Md. Feb. 24, 2020) (declining to apply the *Regan* exception when the "[p]laintiff could pay the tax and sue for a refund" or "request a hearing with the IRS . . . and seek judicial review of any adverse determination").

Howard argues that the "Supreme Court Ruling in Mitchum v. Foster (1972)" holds that "a federal Civil Rights statu[t]e protecting Constitutional rights is an 'expressly authorized' exception" to the Anti-Injunction Act. ECF 59, at 5. But in *Mitchum v. Foster*, the Supreme Court considered whether the anti-injunction statute at 28 U.S.C. § 2283 allowed "a federal court in a [42 U.S.C.] § 1983 suit to grant an injunction to stay a proceeding pending *in a state court*." 407 U.S. 225, 226 (1972) (emphasis added). That anti-injunction statute states that a federal court "may not grant an injunction to stay proceedings *in a State court* except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). The anti-injunction statute at issue here, 26 U.S.C. § 7421(a),

prohibits suits to "restrain[ ] the assessment or collection of any tax[.]" These are distinct statutes, and neither *Mitchum* nor § 2283 is relevant here.

Howard also insists that "exceptions under the Anti-Injunction Act" (as well as "[t]ax collections, tax debt, collection due process hearings, review periods, enjoinment of service levies, the filing of tax returns," and administrative forms) "are for taxpayers who are [U.S.] citizens where the Plaintiff is not." ECF 59, at 5; *see* ECF 34, at 3. Howard contends that she is "non-taxed" because she is a "Sovereign Natural Woman" and an "Indigenous Moorish/Muurish American Indian." *See* ECF 59, at 1. While she disputes the label of "sovereign citizen," ECF 40, at 4, Howard's attempt to avoid application of the Anti-Injunction Act (and taxation generally) on these grounds sounds in "sovereign citizen" theory. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Zahir v. McKeefery*, No. PX-19-1271, 2019 WL 1980352, at *2 (D. Md. May 3, 2019) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). The theories and tactics of so-called sovereign citizens are not rooted in the law and are completely frivolous. Like many courts before it, this Court rejects the "sovereign citizen" theory that Howard advances. *See*, *e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *Gittens v. Johnson*, No. GLR-22-2704, 2025 WL 1928019, at *4 (D. Md. July 14, 2025); *Hamilton v. Brown*, No. SAG-24-3608, 2025 WL 1073158, at *1–2 (D. Md. Mar. 26, 2025); *Reed v. USDC of Md.*, No. JKB-23-3225, 2024 WL 2155222, at *2 (D. Md. May 14, 2024); *see also United States v. Wright*, 797 F. App'x 126, 128 (4th Cir. 2020) (holding district court did not err in denying plaintiff's pro se motions raising various sovereign citizen theories because the arguments were "frivolous"). Howard cannot avoid paying taxing because she is an "Indigenous Moorish/Muurish American Indian" and a "Sovereign Natural Woman."

The Anti-Injunction Act bars Howard's claim for an injunction prohibiting the IRS from levying taxes on her monthly compensation payments. None of the exceptions to the bar applies. Thus, the Court has no subject matter jurisdiction over Howard's claim for injunctive relief.

To the extent Howard seeks a declaratory judgment that she is not required to pay taxes, the Declaratory Judgment Act prohibits it. *See* 28 U.S.C. § 2201(a) (providing that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration" unless the action seeks a declaration of rights or legal relations "with respect to Federal taxes").

**B. Damages**

In addition to injunctive relief, Howard seeks $100,000 in damages for the "denial of [her] Fifth Amendment rights to due process, economic hardship and interference with care . . . ." ECF 8, at 4.[4]

"[T]he United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024). Sovereign immunity may be waived, but the existence of such a waiver must be "unmistakably clear in the language of a statute." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (citation modified).

Howard argues that "a waiver was not needed to sue the IRS" because "the IRS is not a part of the government[.]" ECF 34, at 4. Howard is incorrect. The IRS is part of the Department of the Treasury, and suits against the IRS are suits against the United States. *McNeil v. United States*, 78 Fed. Cl. 211, 221 (2007) ("[T]he IRS is an agency of the United States government . . . [and,] like the Department of the Treasury of which it is a part, the IRS and its

[4] Howard attempts to increase the amount of her compensatory damages demand in her subsequent filings. *See* ECF 40, at 7 (seeking $212,972 in compensatory damages); ECF 59, at 7 (seeking $1,000,000 in compensatory damages).

agents are not agents of a foreign princip[al]." (citation modified)), *aff'd*, 293 F. App'x 758 (Fed. Cir. 2008). To obtain money damages, Howard must identify a statute that unmistakeably waives sovereign immunity. Howard has not identified any such statute. The Court is aware of two that could provide a waiver: 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433(a). Neither applies here.

Under 28 U.S.C. § 1346(a)(1), the United States may be sued in a district court or the Court of Federal Claims to recover taxes "erroneously or illegally assessed or collected," penalties "collected without authority," and "any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." This subsection permits only a suit to obtain a refund, not damages based on alleged constitutional violations. *See id.*; *Hyped Holdings LLC v. United States*, No. 22-CV-5340-HGJMW, 2023 WL 6121784, at *4 (E.D.N.Y. Sept. 19, 2023) (holding that "the sovereign immunity waiver pursuant to Section 1346(a)(1) is inapplicable" when the "Plaintiff seeks only a declaratory judgment and money damages for Defendants' alleged constitutional and common law violations"); *Hostar Marine Transp. Sys., Inc. v. United States*, No. CIV.A.06-10834DPW, 2008 WL 2330984, at *3 (D. Mass. June 3, 2008) ("Section 1346(a)(1) only provides jurisdiction for recovery up to the refund amount; recovery greater than or relief beyond the refund amount is not authorized." (citation modified)), *aff'd on other grounds*, 592 F.3d 202 (1st Cir. 2010); *Gonsalves v. United States*, 782 F. Supp. 164, 168 n.5 (D. Me. 1992) ("[T]he United States has not waived its immunity from suit for damages for constitutional violations under 28 U.S.C. § 1346(a)(1)."), *aff'd sub nom. Gonsalves v. I.R.S.*, 975 F.2d 13, 15 (1st Cir. 1992) (holding there was no cause of action for damages against the government for constitutional violations); *Soffer v. United States*, No. 01 CIV. 0945(KMW)THK, 2002 WL 741653, at *4 (S.D.N.Y. Mar. 20, 2002) (report and recommendation that sovereign immunity barred constitutional claims for damages by plaintiff who alleged that she "was deprived

of her financial assets without due process of law" when "the notices of levy . . . were sent to an address where she had never resided" and "she was thus deprived of an opportunity for a hearing before the Government executed the levies on her account"). Further, suit is not permitted until the taxpayer has sought a refund from the IRS. *See Pond v. United States*, 69 F.4th 155, 161 (4th Cir. 2023) ("Congress has partially waived that immunity to give district courts jurisdiction over suits to recover erroneous federal tax assessments. But that waiver is limited. Congress has also said: 'No suit shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed until a claim for refund has been duly filed.'" (citation modified) (citing 28 U.S.C. § 1346(a)(1) and then quoting 26 U.S.C. § 7422(a))).

Howard's claim for damages for a violation of her Fifth Amendment due process rights is not authorized under 28 U.S.C. § 1346(a)(1), and even if she is seeking only a refund, she has not exhausted her administrative remedies.

Under 26 U.S.C. § 7433(a), the United States may be sued in federal court for damages "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title[.]" But a plaintiff cannot recover damages "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *Id.* § 7433(d)(1). The IRS requires that, before a taxpayer files suit, "[a]n administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages . . . shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1).

Here, Howard cannot recover damages from the IRS under 26 U.S.C. § 7433(a) because, among other reasons, she has not exhausted her administrative remedies. *See* ECF 34, at 3 (asserting "an administrative form does not apply to the Plaintiff" because she is an "Indigenous Moorish/Muurish American Indian").

Howard's claim for damages against the IRS is barred by sovereign immunity. This Court lacks subject matter jurisdiction over the damages claim. This claim is dismissed without prejudice. *See Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) ("A court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject matter jurisdiction.") (citation modified).

### C. Amendment or Supplemental Pleadings

Howard's motions for leave to amend her complaint, ECF 35 & 44, and motion to file supplemental evidence in support of her claims, ECF 41, are denied because amendment and supplemental evidence would be futile. *See In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny."). The Court has reviewed the amended complaints accompanying Howard's motions, ECF 35-2 & 44, and her supplemental evidence, ECF 35-3 – 35-12, 41-1 – 41-4, 42, 42-1, 44-1 – 44-7. None of her proposed allegations or exhibits makes it plausible that an exception to the Anti-Injunction Act applies or that the United States has waived sovereign immunity for damages.

### D. Motions for Contempt, Default and Summary Judgment, and Injunctive Relief

Howard filed three motions for a contempt order, ECF 46, 48, 50, and two motions to withdraw the first two contempt motions, ECF 47 & 49. The motions to withdraw are granted. In the remaining contempt motion, Howard asserts that the IRS's answer was due October 14, 2025,

that the IRS sought an extension of time to respond, and that the IRS did not use the additional time to file either an answer or the notice of intent to levy that it allegedly sent her. ECF 50, at 1–2. On that basis, she seeks a contempt order, a default judgment for $1 million, and injunctive relief. *Id.* Similarly, in a motion for summary judgment, Howard asks the Court to deem facts admitted under Rule 8(b)(6), enter summary judgment in her favor for $1 million, and grant injunctive relief enjoining the levies. ECF 51, at 2.

A contempt order and sanctions against the IRS are not warranted. On October 17, 2025, the Court granted the IRS's unopposed motion for an extension of time and ordered the IRS to respond to the amended complaint by December 13, 2025. ECF 22. The IRS was permitted to respond to the pleading by filing a motion to dismiss; it was not required to file an answer. *See* Fed. R. Civ. P. 12(b). The IRS timely filed its motion to dismiss on December 9, 2025. ECF 30. If a motion to dismiss is filed, an answer to the complaint is not due until 14 days after an order denying the motion to dismiss is entered. *See* Fed. R. Civ. P. 12(a)(4)(A). Here, the Court is granting the motion to dismiss; the IRS does not have to answer the complaint. Howard's motion for a contempt order is denied.

Howard's motion for summary judgment is also denied. Rule 8(b)(6) states that "an allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). The IRS was not required to file a responsive pleading denying the allegations in Howard's amended complaint. Because the IRS did not violate Rule 8(b)(6), the Court will not deem Howard's allegations admitted. Her motion for summary judgment is denied.

## IV. Conclusion

The IRS's motion to dismiss for lack of jurisdiction, ECF 30, is granted.[5] Howard's amended complaint is dismissed without prejudice. Howard's motion to file a surreply, ECF 40, is granted, and her surreply is accepted as filed. Howard's motions to withdraw, ECF 47 & 49, are granted, and her first two motions for contempt, ECF 46 & 48, are withdrawn. Howard's motions to amend and supplement the complaint, for a TRO, for a contempt order, and for summary judgment, ECF 17, 35, 41, 44, 50 & 51, are denied.

A separate Order shall issue.

September 25, 2026
Date

Deborah L. Boardman
United States District Judge

[5] Because the Court lacks subject matter jurisdiction, the Court does not reach the IRS's Rule 12(b)(6) arguments.